# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>　　　　　　　Plaintiff,<br>vs.<br>TIFFANY NEWBY,<br><br>　　　　　　　Defendant. | CASE NO. 09cv2148 WQH (RBB)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion for Leave to Proceed in Forma Pauperis (Doc. # 2) and the Motion to Appoint Counsel (Doc. # 3).

## BACKGROUND

On September 30, 2009, Plaintiff Grace L. Sandoval, a nonprisoner proceeding pro se, initiated this action by filing the Complaint. (Doc. # 1). On September 30, 2009, Plaintiff also filed the Motion for Leave to Proceed In Forma Pauperis ("Motion to Proceed IFP"), the Motion to Appoint Counsel, and a "RICO Case Statement." (Doc. # 2, 3, 4).

## ANALYSIS

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

In her affidavit accompanying the Motion to Proceed IFP, Plaintiff states that she is not employed, receives no income, has a checking account with a balance of $200.00, owns a 2002 Honda Civic for which she owes $375.00, and does not have any other significant assets such as real estate, stocks, bonds or securities. (Doc. # 2). The Court has reviewed Plaintiff's affidavit of assets and finds it is sufficient to show that she is unable to pay the fees or post securities required to maintain this action. The Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

## II.     Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)(b)

After granting IFP status, the Court must dismiss the case if the case "fails to state a claim on which relief may be granted" or is "frivolous." 28 U.S.C. § 1915(e)(2)(B).

The standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The Complaint does not allege any legal basis under which Plaintiff is entitled to relief. The Complaint is written without paragraphs, in a stream of consciousness manner that is often unintelligible and/or incoherent. The allegations in the Complaint are insufficient to put Defendant on notice of the claims against her, as required by Rule 8 of the Federal Rules of Civil Procedure.[1] The "RICO Case Statement" (Doc. # 4) is written in the same largely incoherent/unintelligible manner as the Complaint, and similarly fails to allege a legal basis for relief. The Court finds that Plaintiff fails to state a claim on which relief can be granted.

A complaint "is frivolous where it lacks an arguable basis either in law or fact. [The] term 'frivolous,' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70

---

[1] Federal Rule of Civil Procedure 8 provides: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought...." Fed. R. Civ. P. 8(a). Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

F.3d 1103, 1106 (9th Cir. 1995). When determining whether a complaint is frivolous, the court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327-28).

The following is an example of the Complaint's allegations:

> Tiffany Newby is joined with black race from Santa Ana, California in murder in San Diego, California. The black race, orphan, massacre O.J. Simpson has many children born out of rape, wedlock, premature living in emergency shelters of Catholic Charities in San Diego, California that also were arrested with false registered nurse titles and employed in Sharp Hospitals, San Diego County, California.

(Compl., Doc. # 1, at 5). The "RICO Case Statement" contains similar allegations. (Doc. # 4). Cumulatively, the Complaint and the "RICO Case Statement" contain 17 pages of rambling, often-fantastic allegations similar to the example quoted above. The Court dismisses the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### III. Appointment of Counsel

In light of the Court's sua sponte dismissal of this action, Plaintiff's request for appointment of counsel is denied as moot.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Formal Pauperis (Doc. # 2) is **GRANTED**. The Complaint is **DISMISSED** without prejudice, and this case shall be closed. The Motion to Appoint Counsel (Doc. # 3) is **DENIED** as moot.

DATED: October 16, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge